**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**CASE NO.**

**AGATHA THOMAS,**
**MARIE EDWARD, and**
**ANGEL DANCIL, individually, and**
as class representatives of others
similarly situated,

      **Plaintiffs,**
**vs.**

**CARRINGTON'S CARING ANGELS, LLC**
**STEPHANIE CARRINGTON, INDIVIDUALLY**
**RONSHAI DAVIS, INDIVIDUALLY**
**AAJA LOVE CARE, INC.**
a domestic corporation,

      **Defendants.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiffs, AGATHA THOMAS, MARIE EDWARD, and ANGEL DANCIL, individually, and as class representatives of others similarly situated (herein after referred to as "Plaintiffs"), by and through their undersigned counsel, sue CARRINGTON'S CARING ANGELS, LLC, STEPHANIE CARRINGTON, individually; AAJA LOVE CARE, INC.; and RONSHAI DAVIS, individually, (collectively referred to as "Defendants") for violations of the overtime provisions of the Fair Labor Standards Act ("FLSA") 29 USC § 207 and states as follows:

**PRELIMINARY STATEMENT**

1.    The Plaintiffs bring this action for violations of the FLSA §207 for failure to pay overtime compensation.

2.	The Plaintiffs bring this action for violations of the FLSA §206 for failure to pay minimum wages.

3.	Defendants unlawfully misclassified Plaintiffs as exempt employees to avoid compensating them for time worked in excess of forty (40) hours per week.

4.	Defendants failed to pay Plaintiffs in accordance with the FLSA.  Specifically, Plaintiffs were not paid time and a half of their regular rate of pay for all hours worked in excess of forty (40) hours per week.

5.	In this pleading, "Defendants", means the named Defendants, CARRINGTON'S CARING ANGELS, LLC; STEPHANIE CARRINGTON, individually; AAJA LOVE CARE, INC.; and RONSHAI DAVIS, individually, and other corporations, organization's or entities responsible for the employment practices complained of herein (discovery may reveal additional Defendants that should be included).

6.	The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiffs bear the burden of pleading, proof, or persuasion. Plaintiffs reserve all rights to plead in the alternative.

## PARTIES, JURISDICTION AND VENUE

7.	This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 USC §§ 1331 and 1337 and 29 USC § 216(b) because this action involves a federal question under the Fair Labor Standards Act.

8.	The Court has supplemental jurisdiction with respect to claims arising under state law pursuant to 28 USC § 1367.

9.	Venue is proper in the District Court because Defendants operate substantial business in the Middle District of Florida. Furthermore, the damages complained

of occurred in the Middle District at the Defendants' places of business located in the Middle District of Florida.

10. Plaintiff AGATHA THOMAS, is a resident of Pinellas County, Florida, and was employed by Defendants as a CNA from approximately March 20, 2017 until April 25, 2017.

11. Plaintiff MARIE EDWARD, is a resident of Pinellas County, Florida, and was employed by CARRINGTON'S CARING ANGELS, LLC as a CNA from approximately February 24, 2017 until March 19, 2017.

12. Plaintiff MARIE EDWARD, is a resident of Pinellas County, Florida, and was employed by AAJA LOVE CARE, INC as a CNA from approximately March 24, 2017 until April 16, 2017.

13. Plaintiff ANGEL DANCIL, is a resident of Pinellas County, Florida, and was employed by Defendants as a CNA from approximately April 20, 2017 until May 9, 2017.

14. At all times relevant to this action, Plaintiffs have been employees within the meaning of 29 USC § 203(e)(I).

## STEPHANIE CARRINGTON

15. Defendant, STEPHANIE CARRINGTON is a Florida resident and/or is an individual who conducts business in the State of Florida. She is the sole officer of CARRINGTON'S CARING ANGELS, LLC. She created and directed the pay practices and controlled and directed the work of Plaintiffs, thus making her an employer within the meaning of the FLSA. See In Re: Van Diepen, P.A., 236 F.

App'x 498, 12 Wage & Hour Cas. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

## <u>CARRINGTON'S CARING ANGELS, LLC</u>

16.     Defendant, CARRINGTON'S CARING ANGELS, LLC is a Florida company with its principal address at 3110 1st Avenue North, Suite 2H, St. Petersburg, FL 33713 and may be served through its registered agent for service of process, KEITH D HARRIS, at his stated address at 435 45th Avenue Southeast, St. Petersburg, FL 33705.

17.     At all times material hereto, CARRINGTON'S CARING ANGELS, LLC was an "enterprise engaged in commerce" within the meaning of the FLSA.

18.     At all times material hereto, CARRINGTON'S CARING ANGELS, LLC was the "employer" of Plaintiffs within the meaning of the FLSA, 29 USC § 203.

19.     The FLSA defines "employer" as any "person" acting directly or indirectly in the interests of an employer in relation to an employee.  29 USC § 203(d).  See also <u>Boucher v. Shaw</u>, 572 Fed. 3d 1087, 1090 (9th Cir. 2009) (the definition of "employer" under the Fair Labor Standards Act (FLSA) is not limited by the common-law concept of "employer", but is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes).

20.     This action is brought under the FLSA to recover from Defendants unpaid overtime wages, monies due and owing, liquidated damages, and reasonable attorneys' fees and costs.

21.     All conditions precedent to the filing of this action have been performed.

## AAJA LOVE CARE, INC.

22. Defendant, AAJA LOVE CARE, INC., is a Florida Corporation with its principal address at 9401 N 20th St, Tampa, FL 33612, and may be served through its registered agent for service of process, RONSHAI DAVIS, at her stated address at 9401 N 20th St, Tampa, FL 33612.

23. At all times material hereto, AAJA LOVE CARE, INC. was an "enterprise engaged in commerce" within the meaning of the FLSA.

24. At all times material hereto, AAJA LOVE CARE, INC. was the "employer" of Plaintiffs within the meaning of the FLSA, 29 USC § 203.

25. The FLSA defines "employer" as any "person" acting directly or indirectly in the interests of an employer in relation to an employee. 29 USC § 203(d). See also Boucher v. Shaw, 572 F.3d 1087, 1090 (9th Cir. 2009) (the definition of "employer" under the Fair Labor Standards Act (FLSA) is not limited by the common-law concept of "employer", but is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes).

26. This action is brought under the FLSA to recover from Defendants unpaid overtime wages, monies due and owing, liquidated damages, and reasonable attorneys' fees and costs.

27. All conditions precedent to the filing of this action have been performed.

## RONSHAI DAVIS

28. Defendant, RONSHAI DAVIS is a Florida resident and/or is an individual who conducts business in the State of Florida. She is the sole officer of AAJA LOVE CARE, Inc. She created and directed the pay practices and controlled and directed

the work of Plaintiffs, thus making her an employer within the meaning of the FLSA. See In Re: Van Diepen, P.A., 236 F. App'x 498, 12 Wage & Hour Cas. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

**GENERAL ALLEGATIONS**

29. The Plaintiff, AGATHA THOMAS, is a resident of Pinellas County, Florida, and was employed by Defendants as a CNA from approximately March 20, 2017 until April 25, 2017.

30. The Plaintiff, MARIE EDWARD, is a resident of Pinellas County, Florida, and was employed by Defendants as a CNA from approximately February 24,2017 until March 19, 2017.

31. The Plaintiff, ANGEL DANCIL, is a resident of Pinellas County, Florida, and was employed by Defendants as a CNA from approximately April 20, 2017 until May 9, 2017.

32. Plaintiffs' job duties as a CNA included assisting patients with daily chores, transportation services, meal prepping, medication reminders, and all other activities so directed by STEPHANIE CARRINGTON, CARRINGTON'S CARING ANGELS, LLC, AAJA LOVE CARE INC. and RONSHAI DAVIS, and its officer and agents.

33. Plaintiffs were provided with a list of duties and tasks to perform by CARRINGTON'S CARING ANGELS, LLC, and its officer and agent STEPHANIE CARRINGTON.

34.  At all times relevant, Plaintiffs were supervised by CARRINGTON'S CARING ANGELS, LLC, and its officer and agent STEPHANIE CARRINGTON, and did not have the right to independent operations or decision-making.

35.  Plaintiffs were provided with a list of duties and tasks to perform by AAJA LOVE CARE, INC, and its officer and agent RONSHAI DAVIS.

36.  At all times relevant, Plaintiffs were supervised by AAJA LOVE CARE, INC, and its officer and agent RONSHAI DAVIS, and did not have the right to independent operations or decision-making.

37.  Plaintiffs worked in excess of forty (40) hours per week, but did not receive appropriate overtime compensation.

38.  Defendants' failure to properly pay Plaintiffs was a willful violation of the FLSA.

39.  Defendants have no good faith basis for failing to pay Plaintiffs appropriately nor for failing to pay the appropriate overtime.

40.  Defendants, as business owners, are fully aware of the minimum hourly pay, overtime, and classification of individuals performing work for the Defendants.

41.  Plaintiffs did not have the authority to hire, fire, or discipline other employees.

42.  Plaintiffs were a non-exempt employee whose duties dictate the same; their job duties do not involve the use of discretion in the performance of their job.

43.  Plaintiffs' positions were subject to the FLSA wage provisions.

44.  Plaintiffs worked overtime hours during their employment and were not properly compensated.

45.  Defendants agreed to compensate AGATHA THOMAS at a rate of $10 per hour.

46.  Defendants agreed to compensate MARIE EDWARD at a rate of $10.25 per hour.

47. Defendants agreed to compensate ANGEL DANCIL at a rate of $10 per hour.

48. For purposes of this action, Defendants operated interrelated home health agencies in Middle District of Florida. Those agencies utilized the same documentation, the same management and the same operating/managing owners and shared clients. Furthermore, both agencies utilized the same pay practices to pay all employees.

49. The two agencies were identical in their operation and Plaintiffs were performing the same job duties under the same management for both locations.

50. Plaintiffs complained to Defendants regarding their unlawful pay practices.

51. After being advised by Plaintiffs of the unlawful pay practices, Defendants advised that they had no obligation to pay minimum wage or overtime and regardless of hours worked, refused to pay Plaintiffs for regular time and any overtime hours worked, all in violation of the FLSA.

52. Plaintiffs ceased work for Defendants under duress due to compensation terms prohibited by the FLSA.

**COUNT I**
**VIOLATION OF OVERTIME PROVISIONS OF THE FLSA (§ 207)**
**(as to CARRINGTON'S CARING ANGELS, LLC)**

53. Plaintiffs re-adopt and re-allege the allegations set forth in Paragraphs 1 through 52 as if fully set forth herein.

54. Plaintiffs were employees of Defendant within the meaning of 29 USC § 203(e)(1).

55. Defendant is an employer within the meaning of 29 USC § 203(d).

56. The overtime wage provisions set forth in FLSA § 207 apply to Defendant, who engaged in commerce under the definition of the FLSA.

57.     During the relevant time period, Plaintiffs were not paid overtime compensation for all hours worked in excess of forty (40) per week.

58.     During the relevant time period, Defendant required Plaintiffs, non-exempt employees under the FLSA, to regularly work in excess of forty (40) hours per week without payment of overtime.

59.     Defendant is, or should have been, aware of FLSA's overtime calculations, its provisions and exemptions, and know, or should have known, that withholding wages from Plaintiffs constituted a willful violation of the FLSA.

60.     Therefore, Defendant willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime to Plaintiffs for all hours worked in excess of forty (40) hours per week.

61.     Defendant cannot show in good faith reliance upon any factor or law for misclassifying Plaintiffs as management.

62.     Evidence reflecting the precise number of overtime hours worked by Plaintiffs is in the possession of Defendant.  If these records are unavailable, Plaintiffs may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. See Anderson v. Mount Clemens Pottery Company, 328 US 680 (1946).

63.     Plaintiffs are entitled to time and one-half of their regular hourly rate for each hour worked in excess of forty (40) hours per work week.

64.     As a direct result of Defendant's violation of the FLSA, Plaintiffs suffered damages by being denied overtime wages in accordance with Section 207 and Section 216(b)

of the FLSA, in addition with the damages associated with the loss of their Social Security and employer contributions to Social Security benefits.

65.     Defendant has not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs.

**WHEREFORE**, Plaintiffs, AGATHA THOMAS, MARIE EDWARD, and ANGEL DANCIL, individually, and as class representative of others similarly situated, requests this Honorable Court to:

A.     Order Defendant to pay an award of damages to fully compensate Plaintiffs for overtime wages and other compensation to which they are entitled;

B.     Order Defendant to pay liquidated damages;

C.     Order Defendant to pay pre-judgment interest on all sums due Plaintiffs;

D.     Order Defendant to pay compensatory damages allowable at law;

E.     Order Defendant to pay an award of attorney's fees pursuant to 29 USC § 216(b) and; grant such further relief as the court deems just, necessary, and proper.

## COUNT II
## VIOLATION OF OVERTIME PROVISIONS OF THE FLSA (§ 207)
## (as to STEPHANIE CARRINGTON)

66.     Plaintiffs re-adopt and re-allege the allegations set forth in Paragraphs 1 through 52 as if fully set forth herein.

67.     Plaintiffs were employees of Defendant within the meaning of 29 USC § 203(e)(1).

68.     Defendant is an employer within the meaning of 29 USC § 203(d).

69.     The overtime wage provisions set forth in FLSA § 207 apply to Defendant, who engaged in commerce under the definition of the FLSA.

70. During the relevant time period, Plaintiffs were not paid overtime compensation for all hours worked in excess of forty (40) per week.

71. During the relevant time period, Defendant required Plaintiffs, non-exempt employees under the FLSA, to regularly work in excess of forty (40) hours per week without payment of overtime.

72. Defendant is, or should have been, aware of FLSA's overtime calculations, its provisions and exemptions, and know, or should have known, that withholding wages from Plaintiffs' constituted a willful violation of the FLSA.

73. Therefore, Defendant willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime to Plaintiffs for all hours worked in excess of forty (40) hours per week.

74. Defendant cannot show in good faith reliance upon any factor or law for misclassifying Plaintiffs as independent contractors.

75. Evidence reflecting the precise number of overtime hours worked by Plaintiffs is in the possession of Defendant. If these records are unavailable, Plaintiffs may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. See Anderson v. Mount Clemens Pottery Company, 328 US 680 (1946).

76. Plaintiffs are entitled to time and one-half of their regular hourly rate for each hour worked in excess of forty (40) hours per work week.

77. As a direct result of Defendant's violation of the FLSA, Plaintiffs suffered damages by being denied overtime wages in accordance with Section 207 and Section 216(b)

of the FLSA, in addition with the damages associated with the loss of their Social Security and employer contributions to Social Security benefits.

78.     Defendant has not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs.

**WHEREFORE**, Plaintiffs, AGATHA THOMAS, MARIE EDWARD, and ANGEL DANCIL, individually, and as class representative of others similarly situated, requests this Honorable Court to:

A.     Order Defendant to pay an award of damages to fully compensate Plaintiffs for overtime wages and other compensation to which they are entitled;

B.     Order Defendant to pay liquidated damages;

C.     Order Defendant to pay pre-judgment interest on all sums due Plaintiff;

D.     Order Defendant to pay compensatory damages allowable at law;

E.     Order Defendant to pay an award of attorney's fees pursuant to 29 USC § 216(b), and; grant such further relief as the court deems just, necessary, and proper.

**COUNT III**
**VIOLATION OF OVERTIME PROVISIONS OF THE FLSA (§ 207)**
**(as to RONSHAI DAVIS)**

79.     Plaintiffs re-adopt and re-allege the allegations set forth in Paragraphs 1 through 52 as if fully set forth herein.

80.     Plaintiffs were employees of Defendant within the meaning of 29 USC § 203(e)(1).

81.     Defendant is an employer within the meaning of 29 USC § 203(d).

82.     The overtime wage provisions set forth in FLSA § 207 apply to Defendant, who engaged in commerce under the definition of the FLSA.

83. During the relevant time period, Plaintiffs were not paid overtime compensation for all hours worked in excess of forty (40) per week.

84. During the relevant time period, Defendant required Plaintiffs, non-exempt employees under the FLSA, to regularly work in excess of forty (40) hours per week without payment of overtime.

85. Defendant is, or should have been, aware of FLSA's overtime calculations, its provisions and exemptions, and know, or should have known, that withholding wages from Plaintiffs constituted a willful violation of the FLSA.

86. Therefore, Defendant willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime to Plaintiffs for all hours worked in excess of forty (40) hours per week.

87. Defendant cannot show in good faith reliance upon any factor or law for misclassifying Plaintiffs as management.

88. Evidence reflecting the precise number of overtime hours worked by Plaintiffs is in the possession of Defendant. If these records are unavailable, Plaintiffs may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. See Anderson v. Mount Clemens Pottery Company, 328 US 680 (1946).

89. Plaintiffs are entitled to time and one-half of their regular hourly rate for each hour worked in excess of forty (40) hours per work week.

90. As a direct result of Defendant's violation of the FLSA, Plaintiffs suffered damages by being denied overtime wages in accordance with Section 207 and Section 216(b)

of the FLSA, in addition with the damages associated with the loss of their Social Security and employer contributions to Social Security benefits.

91.     Defendant has not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs.

**WHEREFORE**, Plaintiffs, AGATHA THOMAS, MARIE EDWARD, and ANGEL DANCIL, individually, and as class representative of others similarly situated, requests this Honorable Court to:

A.     Order Defendant to pay an award of damages to fully compensate Plaintiffs for overtime wages and other compensation to which they are entitled;

B.     Order Defendant to pay liquidated damages;

C.     Order Defendant to pay pre-judgment interest on all sums due Plaintiffs;

D.     Order Defendant to pay compensatory damages allowable at law;

E.     Order Defendant to pay an award of attorney's fees pursuant to 29 USC § 216(b) and; grant such further relief as the court deems just, necessary, and proper.

### COUNT IV
### VIOLATION OF OVERTIME PROVISIONS OF THE FLSA (§ 207)
### (as to AAJA LOVE CARE, INC.)

92.     Plaintiffs re-adopt and re-allege the allegations set forth in Paragraphs 1 through 52 as if fully set forth herein.

93.     Plaintiffs were employees of Defendant within the meaning of 29 USC § 203(e)(1).

94.     Defendant is an employer within the meaning of 29 USC § 203(d).

95.     The overtime wage provisions set forth in FLSA § 207 apply to Defendant, who engaged in commerce under the definition of the FLSA.

96.     During the relevant time period, Plaintiffs were not paid overtime compensation for all hours worked in excess of forty (40) per week.

97.     During the relevant time period, Defendant required Plaintiffs, non-exempt employees under the FLSA, to regularly work in excess of forty (40) hours per week without payment of overtime.

98.     Defendant is, or should have been, aware of FLSA's overtime calculations, its provisions and exemptions, and know, or should have known, that withholding wages from Plaintiffs' constituted a willful violation of the FLSA.

99.     Therefore, Defendant willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime to Plaintiffs for all hours worked in excess of forty (40) hours per week.

100.    Defendant cannot show in good faith reliance upon any factor or law for misclassifying Plaintiffs as independent contractors.

101.    Evidence reflecting the precise number of overtime hours worked by Plaintiffs is in the possession of Defendant.  If these records are unavailable, Plaintiffs may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.  See Anderson v. Mount Clemens Pottery Company, 328 US 680 (1946).

102.    Plaintiffs are entitled to time and one-half of their regular hourly rate for each hour worked in excess of forty (40) hours per work week.

103.    As a direct result of Defendant's violation of the FLSA, Plaintiffs suffered damages by being denied overtime wages in accordance with Section 207 and Section 216(b)

of the FLSA, in addition with the damages associated with the loss of their Social Security and employer contributions to Social Security benefits.

104.     Defendant has not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs.

**WHEREFORE**, Plaintiffs, AGATHA THOMAS, MARIE EDWARD, and ANGEL DANCIL, individually, and as class representative of others similarly situated, requests this Honorable Court to:

A.     Order Defendant to pay an award of damages to fully compensate Plaintiffs for overtime wages and other compensation to which they are entitled;

B.     Order Defendant to pay liquidated damages;

C.     Order Defendant to pay pre-judgment interest on all sums due Plaintiff;

D.     Order Defendant to pay compensatory damages allowable at law;

E.     Order Defendant to pay an award of attorney's fees pursuant to 29 USC § 216(b), and; grant such further relief as the court deems just, necessary, and proper.

<u>**COUNT V**</u>
<u>**VIOLATION OF MINIMUM WAGE PROVISIONS OF THE FLSA (§ 206)**</u>
<u>**(as to CARRINGTON'S CARING ANGELS, LLC)**</u>

105.     Plaintiffs re-adopt and re-allege the allegations set forth in Paragraphs 1 through 52 as if fully set forth herein.

106.     Defendant failed to pay Plaintiffs the minimum wages due pursuant to the FLSA as described in part in § 6(a) of the FLSA.

107.     Plaintiffs were damaged by Defendant's failure to pay the Federal minimum wage.

**WHEREFORE**, Plaintiffs, AGATHA THOMAS, MARIE EDWARD, and ANGEL DANCIL, individually, and as class representative of others similarly situated, requests this Honorable Court to:

      A.     Wages found to be due and owing;

      B.     An additional amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

      C.     Prejudgment interest in the event liquidated damages are not awarded;

      D.     A reasonable attorney's fee and costs; and,

      E.     Such other relief as the Court deems just and equitable.

## COUNT VI
## VIOLATION OF MINIMUM WAGE PROVISIONS OF THE FLSA (§ 206)
## (as to STEPHANIE CARRINGTON)

108.    Plaintiffs re-adopt and re-allege the allegations set forth in Paragraphs 1 through 52 as if fully set forth herein.

109.    Defendant failed to pay Plaintiffs the minimum wages due pursuant to the FLSA as described in part in § 6(a) of the FLSA.

110.    Plaintiffs were damaged by Defendant's failure to pay the Federal minimum wage.

**WHEREFORE**, Plaintiffs, AGATHA THOMAS, MARIE EDWARD, and ANGEL DANCIL, individually, and as class representative of others similarly situated, requests this Honorable Court to:

      A.     Wages found to be due and owing;

      B.     An additional amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

C.      Prejudgment interest in the event liquidated damages are not awarded;

D.      A reasonable attorney's fee and costs; and,

E.      Such other relief as the Court deems just and equitable.

## COUNT VII

## VIOLATION OF MINIMUM WAGE PROVISIONS OF THE FLSA (§ 206)
## (as to RONSHAI DAVIS)

111.    Plaintiffs re-adopt and re-allege the allegations set forth in Paragraphs 1 through 52 as if fully set forth herein.

112.    Defendant failed to pay Plaintiffs the minimum wages due pursuant to the FLSA as described in part in § 6(a) of the FLSA.

113.    Plaintiffs were damaged by Defendant's failure to pay the Federal minimum wage.

**WHEREFORE**, Plaintiffs, AGATHA THOMAS, MARIE EDWARD, and ANGEL DANCIL, individually, and as class representative of others similarly situated, requests this Honorable Court to:

A.      Wages found to be due and owing;

B.      An additional amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

C.      Prejudgment interest in the event liquidated damages are not awarded;

D.      A reasonable attorney's fee and costs; and,

E.      Such other relief as the Court deems just and equitable.

**COUNT VIII**
**VIOLATION OF MINIMUM WAGE PROVISIONS OF THE FLSA (§ 206)**
**(as to AAJA LOVE CARE, INC)**

114. Plaintiffs re-adopt and re-allege the allegations set forth in Paragraphs 1 through 52 as if fully set forth herein.

115. Defendant failed to pay Plaintiffs the minimum wages due pursuant to the FLSA as described in part in § 6(a) of the FLSA.

116. Plaintiffs were damaged by Defendant's failure to pay the Federal minimum wage.

**WHEREFORE**, Plaintiffs, AGATHA THOMAS, MARIE EDWARD, and ANGEL DANCIL, individually, and as class representative of others similarly situated, requests this Honorable Court to:

A. Wages found to be due and owing;

B. An additional amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

C. Prejudgment interest in the event liquidated damages are not awarded;

D. A reasonable attorney's fee and costs; and,

E. Such other relief as the Court deems just and equitable.

**COUNT IX**
**(Unpaid wages as to all defendants)**

117. Plaintiffs re-adopt and re-allege the allegations set forth in Paragraphs 1 through 52 as if fully set forth herein.

118. Plaintiffs have earned unpaid wages which are owed and payable by the Defendants pursuant to Florida Statute Chapter 448.

119.    Defendants, despite Plaintiffs reasonable attempts to obtain payment of these earned monies, has failed and refused to make payments as required by Florida Statute Chapter 448.

**WHEREFORE**, Plaintiffs, AGATHA THOMAS, MARIE EDWARD, and ANGEL DANCIL, individually and as the class representative of others similarly situated, prays for a judgment against Defendants, for the following damages:

A.    Payment of their earned unpaid wages;

B.    Pre-judgment interest;

C.    Post-judgment interest;

D.    Attorney's fees;

E.    Costs;

F.    For such other relief as this court deems equitable.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint and on all issues so triable.

**WHEREFORE**, the Plaintiffs, AGATHA THOMAS, MARIE EDWARD, and ANGEL DANCIL, individually and as the class representative of others similarly situated, demands judgment for damages, including punitive damages, against the Defendants, CARRINGTON'S CARING ANGELS, LLC, STEPHANIE CARRINGTON, AAJA LOVE CARE, INC., and RONSHAI DAVIS, individually, together with such other and further relief as this Honorable Court deems necessary and appropriate.

Dated this 22nd day of June, 2017.

TRAGOS, SARTES & TRAGOS, PLLC

*/s/ Peter L. Tragos, Esq.*
PETER L. TRAGOS, ESQ.
Florida Bar No: 0106744
petertragos@greeklaw.com

*/s/ Peter A. Sartes, MBA/JD*
PETER A. SARTES, MBA/JD
Florida Bar No. 582905
peter@greeklaw.com

601 Cleveland Street
Suite 800
Clearwater, FL 33755
Ph: (727) 441-9030
Fax: (727 441-9254
Secondary:   linda@greeklaw.com