UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AGATHA THOMAS, MARIE EDWARD,
and ANGEL DANCIL, individually and as
class representatives of others similarly
situated,

        Plaintiffs,

v.                                            CASE NO. 8:17-cv-1586-T-33MAP

CARRINGTON'S CARING ANGELS, LLC,
STEPHANIE CARRINGTON, individually,
RONSHAI DAVIS, individually, AAJA LOVE
CARE, INC.,

        Defendants
_____/

## REPORT AND RECOMMENDATION

Plaintiffs Agatha Thomas, Marie Edward, and Angel Dancil brought this action for violations of the Fair Labor Standards Act against the Defendants Carrington's Caring Angels, LLC and its sole officer, Stephanie Carrington, and AAJA Love Care, Inc., and its sole officer, Ronshai Davis, alleging Defendants failed to pay minimum wages. At this juncture, Defendants AAJA Love Care, Inc. and Davis have failed to timely respond to the Complaint and the Clerk of Court has entered clerk's defaults against both (docs. 25 and 26). Before me is Plaintiffs' motion for entry of final default judgment against Defendant Davis (doc. 42).[1] For the reasons set forth below, I recommend the motion be denied without prejudice.[2]

---

[1] At this time, Plaintiffs have not moved for entry of default judgment against Defendant AALJA Love Care, Inc.

[2] The district judge referred the motion to me for a report and recommendation. 28 U.S.C. § 636(b).

The allegations in the Complaint set forth that Plaintiff Thomas was "employed by Defendants as a CNA from approximately March 20, 2017 until April 25, 2017"; that Plaintiff Edward was "employed by Carrington's Caring Angels, LLC as a CNA from approximately February 24, 2017 until March 19, 2017" and "employed by AAJA Love Care, Inc as a CNA from approximately March 24, 2017 until April 16, 2017"; and that Plaintiff Dancil was "employed by Defendants as a CNA from approximately April 20, 2017 until May 9, 2017." (Doc. 1, ¶¶10-13). In counts I through IV, Plaintiffs allege separate claims against each Defendant for violating the overtime provisions of the FLSA by failing to pay Plaintiffs overtime compensation. (Doc 1, ¶¶53-104). In each of these counts, Plaintiffs ask the Court to "Order Defendant to pay an award of damages to fully compensate Plaintiffs for overtime wages and other compensation to which they are entitled; Order Defendant to pay liquidated damages; Order Defendant to pay pre-judgment interest on all sums due to Plaintiff; Order Defendant to pay compensatory damages allowable at law; Order Defendant to pay an award of attorney's fees pursuant to 29 U.S.C. § 216(b), and grant such further relief as the court deems just, necessary, and proper." (Doc. 1, ¶¶ 65, 78, 91, 104) In counts V through VIII, the Plaintiffs allege separate claims for violations of the minimum wage provisions of the FLSA against each Defendant. (Doc. 1, ¶¶105-116) In count IX, Plaintiffs assert a single claim against all Defendants alleging Defendants are liable for unpaid wages. (Doc. 1, ¶¶117-119).

*Discussion*

At this juncture, while Defendants Davis and AAJA Love Care, Inc. failed to respond to the complaint and the Clerk entered default against them, the case remains pending against Defendants Stephanie Carrington and Carrington's Caring Angels, LLC. Plaintiffs seek entry of default judgment against Defendant Davis, however, "[e]ntry of judgment by default is a drastic remedy

which should be used only in extreme situations." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). Stemming from the seminal case of *Frow v. De La Vega*, 82 U.S. 552 (1872), courts in this circuit have recognized that in certain circumstances a default judgment is inappropriate if it results in inconsistency among judgments. While *Frow* involved defendants allegedly jointly and severally liable, its rule has been extended to situations in which several defendants have closely related defenses. *See Gulf Coast Fans, Inc. v . Midwest Elecs. Imps., Inc.*, 740 F.2d 1499 (1512 (11th Cir. 1984); Fed.Prac. & Proc. Civ. §2690 (4th ed.) (April 2017) (recognizing that *Frow* "probably can be extended to situations in which joint liability is not at issue but several defendants have closely related defenses").

In FLSA cases specifically, when plaintiffs bring claims against several defendants that are jointly and severally liable or have closely related defenses, judgment should not be entered against a defaulting defendant in the interest of avoiding potentially incongruous results. Rather, entry of judgment should await an adjudication of the liability of the non-defaulting defendants. *See Perez v. Eliasen Environmental, Inc.,* 2016 WL 4239438, *2 (M.D. Fla. July 18, 2016) (citing *Gulf Coast Fans*, *supra*, at 1512) (denying without prejudice motion for default judgment against defaulting corporate defendant pending adjudication of FLSA case against individual defendant since defendants "closely related"); *Mayorga v. Stamp Concrete & Pavers, Inc.* 2015 WL 3556972 (S.D. Fla. 2015) (finding it would be "incongruous and unfair" to permit plaintiff to collect judgment against defaulting defendant for overtime wages where jury found no overtime wages due to plaintiff by non-defaulting co-employer defendant); *Rodriguez v. Guacamole's Authentic Mexican Food and More, LLC*, 2012 WL 718688 (S.D. Fla. 2012)(denying without prejudice plaintiff's motion for default final judgment against corporate defendant in FLSA action because "a default judgment

against [the corporate defendant] would be inconsistent if the individual Defendants defeat the claims against them in this action").

Here, all of the Defendants are similarly situated – the Plaintiffs worked for Carrington's Caring Angels, LLC and AAJA Love Care, Inc. and the individual Defendants operated these companies. In their answer to Plaintiffs' complaint, Defendants Carrington and Carrington's Caring Angels, LLC asserted eleven defenses, including the affirmative defenses of the independent contractor exemption, that Carrington is not an "enterprise" and cannot be held liable under the FLSA, and the *de minimus* exception. *See* doc. 27. Upon consideration, in the interest of avoiding potentially incongruous results, circumstances here weigh against entry of default judgment against Defendant Ronshai Davis at this time. Accordingly, it is hereby

RECOMMENDED:

1. Plaintiffs' motion for entry of final default judgment against Defendant Davis (doc. 42) be DENIED without prejudice.

IT IS SO REPORTED at Tampa, Florida on December 6, 2017.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.